CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 8 2019

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Case No. 1:94-CR-0022-1** |
| **v.** | ) | |
| | ) | |
| **RICKY LEE VANCE,** | ) | **By: Hon. Michael F. Urbanski** |
| | ) | **Chief United States District Judge** |
| **Defendant** | ) | |

## MEMORANDUM OPINION

On June 24, 2016, petitioner Ricky Lee Vance, represented by counsel, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he was entitled to relief pursuant to the holding in Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 104. On September 21, 2016, the government filed a motion to dismiss the petition and on October 20, 2016, Vance filed additional authority in support of his motion. ECF Nos. 114, 116. On February 9, 2017 the court entered an order holding the petition in abeyance pending resolution of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), and United States v. Jimenez-Segura, No. 1:07-CR-146, 2016 WL 4718949 (E.D. Va. 2016). ECF No. 128. On August 7, 2018, the court continued this case in abeyance pending the decision of the United States Court of Appeals for the Fourth Circuit in United States v. Simms, 914 F.3d 229 (4th Cir. 2019). Simms has now been decided and the Supreme Court decided a similar issue in United States v. Davis, 139 S.Ct. 2319 (2019). The parties have fully briefed the issues and they are ripe for disposition.

As the government concedes, changes in the law since Johnson was decided require the court to **GRANT** Vance's motion to vacate his sentence as to Count 1. ECF No. 104.

The government's motion to dismiss the § 2255 petition, ECF No. 114, is **DENIED**. Vance's motion for extension of time to file briefing, ECF No. 132, is **DENIED as MOOT**. Vance's motion for immediate release or for a hearing, ECF No. 134, is **DENIED as MOOT**. The government's motion to stay the ruling for no less than 30 days, ECF No. 135, is **DENIED as MOOT**. Vance's conviction under Count 1 for use of a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and the mandatory 30-year sentence assessed on that charge are **VACATED**. The government's motion to authorize alternative procedures for crime victim notification, ECF No. 137, is **GRANTED**.

## BACKGROUND

On September 12, 1994, following a jury trial, Vance was convicted of using a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 1); attempted destruction by explosive in violation of 18 U.S.C. § 844(i) (Count 2); possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5861(d), 5845(a)(8), 5845(f), and 5871 (Count 3); and receipt or transfer of stolen explosives in violation of 18 U.S.C. §§ 842(h) and 844(a) (Count 4). ECF No. 97 at 1. The court sentenced Vance to 120 months each on Counts 2, 3, and 4, to run consecutively to each other, and to 360 months on Count 1 to run consecutively to the term imposed in Counts 2, 3, and 4, to the extent necessary to produce a total term of 720 months. The terms are to be followed by 3-year concurrent terms of supervised release on Counts 2, 3, and 4, and a 5-year term of supervised release on Count 1, to run concurrently with the 3-year terms. ECF No. 37.

The convictions stem from Vance's failed attempt to cause an explosion at his wife's place of work. In 1994 Vance and his wife were going through a contentious divorce involving custody of their children. ECF No. 97 at 2-4. On April 23, 1994, Vance placed a homemade explosive device near two tanks of liquid oxygen at his wife's place of employment. The device, which contained seven sticks of dynamite and two blasting caps, was faulty and did not explode. Law enforcement experts testified that if the device had detonated and ruptured the nearby tanks of liquid oxygen, it would have been highly destructive. Id. at 4.

Following his conviction, Vance filed a direct appeal with the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Vance, 87 F.3d 1309 (4th Cir. 1996) (unpublished). Vance has filed two previous § 2255 motions, both of which were denied at the district court level and on appeal. See United States v. Vance, 153 F.3d 724 (4th Cir. 1998) (unpublished) and United States v. Vance, 585 F. App'x 105 (4th Cir. 2014) (memorandum opinion).

Vance filed the pending § 2255 motion on June 24, 2016, arguing that he was entitled to have his conviction on Count 1 vacated under Johnson. Although the government initially argued Vance's claim was time-barred, second or successive, and that he otherwise was not entitled to relief, it has since withdrawn those arguments. ECF No. 135. The government now agrees that changes in the law since Johnson was decided require that Vance's conviction and the mandatory 30-year sentence on Count 1 be vacated.

## DISCUSSION

### I. 28 U.S.C. § 2255

A petitioner may obtain relief via 28 U.S.C. § 2255 by showing (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of that authorized by law; or (4) that the sentence is otherwise subject to collateral attack. Vance argues that following the decisions in Johnson and its progeny, the part of his sentence based on 18 U.S.C. § 924(c)(3) was imposed in violation of the Constitution.

When Vance was sentenced on Count 1, the offense of carrying a destructive device in relation to a crime of violence carried a 30-year mandatory sentence, to be imposed consecutively to any other sentence. ECF No. 97 at 6; 18 U.S.C. § 924(c)(1) (1994). "Crime of violence" was defined as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart (A) is known as the force clause, or the elements clause, and Subpart (B) is known as the residual clause. Vance asserts that he was sentenced under the residual clause and based on Johnson and the cases that came after it, the residual clause is unconstitutionally vague and further argues that the crime charged in Count 1 falls outside the force clause. As such, he contends that the 30-year mandatory, consecutive sentence for Count

1 was imposed on him in violation of the Constitution.

## II. Johnson, Dimaya, Simms, and Davis

In Johnson, the Supreme Court examined 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" for purposes of increasing sentences under the Armed Career Criminal Act (ACCA) in part as "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." The italicized portion of the statute, known as the residual clause, was found to be unconstitutionally vague because it left grave uncertainty about how to estimate the risk posed by a crime and also left uncertainty about how much risk it takes for a crime to qualify as a violent felony. Johnson, 135 S.Ct. at 2558. The Court concluded that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Id. at 2563. The holding in Johnson announced a new rule of constitutional law made retroactively applicable to cases on collateral review. Welch v. United States, 136 S.Ct. 1257, 1264 (2016).

In Sessions v. Dimaya, 138 S.Ct. 1204 (2018), the Supreme Court found similar language in 18 U.S.C. § 16(b) unconstitutionally vague. Section 16 defined "crime of violence" in the federal criminal code as follows:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Court applied the Johnson void-for-vagueness analysis to §16(b) and found the statute unconstitutionally vague because it required a court to assess the risk posed by the ordinary case of a particular offense without providing a means of "divining the conduct entailed in a crime's ordinary case." Id. at 1215. The statute also created uncertainty about the level of risk that makes a crime violent. Id.

> In sum, § 16(b) has the same "[t]wo features" that "conspire[d] to make [ACCA's residual clause] unconstitutionally vague." It too "requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents" some not-well-specified-yet-sufficiently-large degree of risk. The result is that § 16(b) produces, just as ACCA's residual clause did, "more unpredictability and arbitrariness than the Due Process clause tolerates."

Id. at 1216 (internal quotations are from Johnson, 135 S.Ct. at 2556-2558).

In Simms, the Fourth Circuit Court of Appeals looked at Johnson and Dimaya to address the issue raised by Vance in this case: whether § 924(c)(3)(B), which defines "crime of violence" and mandates a 30-year non-concurrent sentence in his case, is unconstitutionally vague. The court found that the text and structure of § 924(c)(3)(B) plainly set forth a definition of "crime of violence" that fails to comport with due process. Id. at 232.

Under § 924(c)(3)(B), the residual clause, the court noted that the only way Simms could be convicted was if it was determined that he committed a felony offense, "'that, by its nature[] involves a substantial risk that physical force may be used in the course of committing the offense.'" Id. at 234 (citing § 924(c)(3)(B)). The court applied the "ordinary-case" categorical approach, where courts must use the statutory definition of an offense to imagine

its "ordinary case," and then consider whether the imagined ordinary case entails a "substantial risk" of force. Id. at 234 (citing Dimaya, 138 S.Ct. at 1211)).

Relying on Johnson and Dimaya, the Fourth Circuit found that § 924(c)(3)(B) required a court to imagine the idealized ordinary case of a crime without providing any guidance on how to do so, rendering any judicial account of the ordinary case wholly speculative. Id. at 236 (citing Dimaya, 138 S.Ct. at 1213-14, and Johnson, 135 S.Ct. at 2557-58). "After conceiving of this judicial abstraction, a court must then assess its speculation using the same vague standard of 'substantial risk' required by § 16(b) in Dimaya." Simms, 914 F.3d at 236. Because the "conjectural exercise suffers from the same two fundamental flaws that, in combination, rendered the statutory provisions in Johnson and Dimaya void for vagueness[,]" the court concluded that § 924(c)(3)(B) is unconstitutional. Id. at 237.

In Davis, petitioners also challenged their convictions under § 924(c)(3)(B). The Supreme Court extended the holdings in Johnson and Dimaya to reach the same conclusion as the court in Simms: that § 924(c)(3)(B) is unconstitutionally vague. The Court found that applying the categorical approach to § 924(c)(3)(B) is consistent with the statute's text, context, and history and rejected the government's argument to apply a case-specific analysis to the statute. Davis, 139 S.Ct at 2336.

As it is now uncontested that § 924(c)(3)(B) is unconstitutionally vague under Simms and Davis, Vance's conviction under Count 1, for use of a destructive device to commit a

felony in violation of 18 U.S.C. § 924(c), must be **VACATED.**[1] The government agrees. The government has filed supplementary evidence showing that once Vance's mandatory 30-year sentence is vacated, his projected release date will be December 13, 2019. ECF No. 136, 136-1. Vance has not argued to the contrary.

**III. Victim Notification**

The Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771, was enacted to protect victims and guarantee them some involvement in the criminal justice system. In re Gyamfi, 362 F. App'x 385 (4th Cir. 2010). Among other rights, crime victims are entitled to reasonable, accurate, and timely notice of the release of the accused. 18 U.S.C. § 3771(a)(2). "Crime victims" are persons directly and proximately harmed as a result of the commission of a federal offense. 18 U.S.C. § 3771(e)(2).

When a court finds that the number of crime victims makes it impracticable to accord them individual notice of their rights as outlined in the statute, the court shall fashion a procedure to provide notice that does not unduly complicate or prolong the proceedings. United States v. Peralta, No. 3:08cr233, 2009 WL 2998050, *1 (W.D.N.C. 2009) (citing 18 U.S.C. § 3771(d)(2)). A press release is one method of notifying multiple victims about proceedings in case. Id.; United States v. Babich, 301 F.Supp.3d 213, 217 (D. Mass. 2017).

---

1 The government also initially argued that Vance's predicate offense, attempted destruction of property by explosive in violation of 18 U.S.C. § 844(i), qualified as a crime of violence under the force clause of § 924(c)(3)(A). However, the government abandoned that argument in light of United States v. Salas, 889 F.3d 681, 684 (10th Cir. 2018), where the court found that § 844(i) does not qualify as a predicate offense under the force clause of § 924(c)(3)(A) because it does not require, as an element, the use of force against the property of another.

Other methods include postings on websites for law enforcement and the United States Attorney's Office. Babich, 301 F.Supp.3d at 215-216.

The government states that it has located and notified Vance's ex-wife and her former boyfriend of Vance's expected release date. The business where the bomb was left has been sold and the United States does not intend to notify the purchasing company. The government has no record or names of the 700 to 1400 people who worked at the business where the bomb was planted.

The government contends that the 700 to 1400 people who worked at the business were victims of the intended bombing and are entitled to notification. Because direct notification is impossible, the government proposes posting a notice directed to individuals who were working at the business on April 23, 2014, alerting them to the fact that Vance will be released in December 2019. They propose to (1) publish the notice in the local newspaper, the Bristol Herald Courier; (2) submit the notice to the Tri-City area television stations, including WCYB, with a request that it be included on their websites; (3) post the notice on the United States Attorney's Office website; (4) post links to the notice on the United States Attorney's Office Twitter feed; and (5) request that the Washington Sheriff's Office and Bristol, Virginia Police Department share the link to the Notice on their social media feeds (to include Facebook, Twitter, etc.)

Vance objects to the government's proposed victim notification, arguing that it is overbroad. He asserts that his ex-wife and her boyfriend have been notified, and that the Cumberland Plateau Planning District, from which he stole the dynamite, can be notified

directly. He asserts that the government has no evidence that the other employees at the company suffered any "direct and proximate harm" from the intended bombing, because the device did not detonate and no one was harmed.

Courts looking at who qualifies as a victim for notification under the CVRA take an inclusive approach.

> There is scant caselaw regarding who qualifies as a crime victim under the CVRA. This Court agrees with the Eastern District of New York's decision in United States v. Turner, 367 F.Supp.2d 319 (E.D.N.Y. 2005), which adopted an "inclusive approach" to determining whether individuals qualified as crime victims under the CVRA.

Babich, 301 F.Supp.3d at 216-217. In Turner, there was a dispute about whether two people were victims of a mail fraud scheme. The court noted that just because the CVRA may not mandate giving notice and participatory opportunities to "such victims," courts are not prohibited from doing so. Turner, 367 F.Supp.2d at 327. The court further noted that it would presume that any person whom the government asserts was harmed by conduct attributed to a defendant enjoyed all of the procedural and substantive rights set forth in the CVRA and warned against the "pitfall" of seeking to determine who is actually a victim under the CVRA. Id.

This court agrees with the reasoning in Babich and Turner and can see no benefit to parsing the meaning of the term "victim" or in excluding anyone to whom the CVRA was meant to apply. Accordingly, the court finds that the victims as identified by the government are entitled to notice. Given the number of victims and the fact that their locations are

unknown, the court further finds that the alternative means of notification suggested by the government are reasonable.

Vance, who is ill and confined to a wheelchair, states that he has no family or friends and that he most likely will require placement in an assisted living or nursing home facility upon release from custody. He argues that the wide swath of publicity proposed by the government will make it difficult for him to find housing and specialized health care. The court finds that this objection is nothing more than speculation about the effect giving the notice will have on Vance.

The court is bound to follow the law as set out in the CVRA and finds that the government's request for alternative notification is reasonable under the circumstances. Accordingly, the court **GRANTS** the government's motion to authorize alternative procedures for crime victim notification.

## CONCLUSION

As discussed above, Vance's motion for relief under 28 U.S.C. § 2255, ECF No. 104, is **GRANTED** to the extent that his conviction under Count 1 for use of a destructive device to commit a felony in violation of 18 U.S.C. § 924(c)(3)(B), and the 30-year sentence assessed on the Count 1 conviction, is **VACATED**. Vance's motions for extension of time and for immediate release, ECF Nos. 132 and 134, are **DENIED as MOOT**. The government's motion to stay the ruling for no less than 30 days, ECF No. 135, is **DENIED as MOOT**. The government's motion to authorize alternative procedures for crime victim notification, ECF No. 137, is **GRANTED**.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: 09/17/19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge